```
LUBIN & ENOCH, P.C.
Nicholas J. Enoch
State Bar No. 016473
Jarrett J. Haskovec
State Bar No. 023926
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nicholas.enoch@azbar.org
```

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| REYES, JOSE R., a single man,<br><br>  Plaintiff,<br><br>v.<br><br>GARCIA LaFARGA, MANNY L. and LETICIA, husband and wife; PRENSA HISPANA, INCORPORATED, an Arizona Corporation d/b/a MEĆANICA La RAZA,<br><br>  Defendants. | No.<br><br>**COMPLAINT AND DEMAND FOR JURY** |

**NOW COME** the Plaintiff, Jose R. Reyes ("Reyes"), by and through his attorneys, Lubin & Enoch, P.C., bringing this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA"), and, pursuant to this Court's supplemental jurisdiction set forth at 28 U.S.C. §1367, the Arizona Wage Act, A.R.S. §23-350, *et seq.*, and the Arizona Minimum Wage Act, A.R.S. §23-363, *et seq*.

**INTRODUCTION**

1. Reyes is a former employee of Defendants Manny "Menin" L. and Leticia Garcia LaFarga and their company, Prensa Hispana, Incorporated ("Prensa Hispana") d/b/a

1  Mećanica La Raza (hereinafter collectively referred to as
2  "Defendants").
3      2.  In this lawsuit, Reyes alleges that Defendants have
4  willfully contravened his right to be compensated for all
5  wages and overtime due him in accordance with, *inter alia*,
6  the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§206-207
7  and the Arizona statutes regarding the payment of wages,
8  A.R.S. §§23-351[c] and 363(A).

**PARTIES**

10     3.  Reyes is a Honduran citizen who, during all
11 relevant time periods herein, was dully authorized to work
12 in the United States.  Reyes currently resides in Phoenix,
13 Arizona.
14     4.  Reyes is a former employee of Defendants as defined
15 in 29 U.S.C. § 203(e)(1) and A.R.S. § 23-350(2).
16     5.  Defendants Manny "Menin" L. and Leticia Garcia
17 LaFarga (hereinafter collectively referred to as "the Garcia
18 LaFarga Defendants") are now, and at all times relevant
19 hereto have been, husband and wife, constituting a marital
20 community under the laws of the State of Arizona.  The acts
21 engaged in, and the omissions made by, the Garcia LaFarga
22 Defendants were performed as agents, and for the benefit, of
23 the marital community.
24     6.  Upon information and belief, the Garcia LaFarga
25 Defendants are residents of Maricopa County, Arizona, and
26 have been for all times relevant to this proceeding.

2

1      7.  Both of the Garcia LaFarga Defendants are an
2  "employer" as defined in 29 U.S.C. § 203(d) and A.R.S. §§23-
3  350(3) and 362(B).
4      8.  Prensa Hispana is an Arizona corporation with its
5  principal place of business in Phoenix, Arizona.  According
6  to its most recent filing with the Arizona Corporation
7  Commission, Prensa Hispana is in the business of "Help[ing]
8  Community and All Other Lawful Activity".  While Prensa
9  Hispana is primarily engaged in the publication of a weekly
10 Spanish language newspaper, it also appears, based upon
11 information and belief, that it is the legal entity
12 overseeing the operations of Mećanica La Raza, a local car
13 repair shop.
14     9.  Mećanica La Raza is not on file with the Arizona
15 Corporation Commission as a corporation nor is it a
16 registered trade name with the Arizona Department of State.
17     10.  In the alternative to the allegations in ¶8 *supra*,
18 the Garcia LaFarga Defendants are, upon information and
19 belief, personally responsible for the operations of their
20 wholly-owned, unincorporated business, Mećanica La Raza.
21     11.  Manny "Menin" L. Garcia LaFarga ("Mr. Garcia
22 LaFarga") is the primary manager of Mećanica La Raza.  The
23 Garcia LaFarga Defendants, and Mr. Garcia LaFarga in
24 particular, exercise managerial responsibilities and
25 substantial control of the terms and conditions of the
26 employees' work.  Among other things, Mr. Garcia LaFarga is
27 primarily responsible for hiring and firing employees,
28                              3

1  supervising and controlling employee work schedules and
2  conditions of employment, determining the rate and method of
3  payment, and maintaining any employment records that may
4  exist.
5     12.  Prensa Hispana is an "employer" as defined in 29
6  U.S.C. §203(d) and A.R.S. §§23-350(3) and 362(B).
7     13.  Upon information and belief, Mećanica La Raza is
8  an "employer" as defined in 29 U.S.C. §203(d) and A.R.S.
9  §§23-350(3) and 362(B).
10    14.  Upon information and belief, both Prensa Hispana
11 and Mećanica La Raza were not only influenced and governed
12 by the Garcia LaFarga Defendants, but there was such a unity
13 of interest and ownership that the individuality, or
14 separateness, of Prensa Hispana, Mećanica La Raza and the
15 Garcia LaFarga Defendants had ceased to exist.
16    15.  Upon information and belief, the facts are such
17 that an adherence to the fiction of the separate existence
18 of Prensa Hispana, Mećanica La Raza and the Garcia LaFarga
19 Defendants would, under these particular circumstances,
20 sanction a fraud or promote injustice.
21    16.  Prensa Hispana and Mećanica La Raza perform
22 related activities through unified operation and/or common
23 control for a common business purpose and therefore
24 constitute a single "enterprise" for purposes of 29 U.S.C.
25 §203[r].  More specifically, upon information and belief and
26 as alleged in paragraphs 23 and 24, *infra*, the employees of
27 Mećanica La Raza are actually paid by Prensa Hispana.  As
28                              4

such, it is clear that Prensa Hispana and Mećanica La Raza are engaged in commerce or in the production of goods for commerce and/or handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and the enterprise's annual gross volume of sales or business done is not less than $500,000.

## JURISDICTION AND VENUE

17. As to the First and Second Claims for Relief, *infra*, jurisdiction is proper pursuant to 28 U.S.C. §1331.

18. The state law-based claims set forth in the Third and Fourth Claims for Relief are properly within this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

20. From on or about February 11, 2000 through on or about September 1, 2011, Defendants provided employment and housing, for a lack of better word, to Reyes. During this period of time, Reyes primarily worked for Defendants as a night watchman at Mećanica La Raza, 1023 South 6th Street, Phoenix, Arizona 85004-2704.

21. On or about September 1, 2011, Mr. Garcia LaFarga terminated Reyes' longstanding employment with Mećanica La Raza on the grounds that he, Mr. Garcia LaFarga, was concerned that Reyes might die and that he, Mr. Garcia

1  LaFarga, would be responsible for sending Reyes' body back
2  to Honduras.
3      22.  During his tenure with Mećanica La Raza, Reyes
4  worked twelve (12) hours per day, seven (7) days per week.
5  He worked from 6:00 p.m. to 6:00 a.m. and he received no
6  days off work whatsoever.
7      23.  In or about 2005, Reyes received a pay increase
8  which set his compensation at two-hundred and forty-dollars
9  ($240.00) per week.  These checks, representative samples of
10 which are attached hereto as Exhibits A and B, were always
11 issued to Reyes from the Payroll Account of Prensa Hispana.
12     24.  The promise set forth in ¶23, *supra*,
13 notwithstanding, there were still occasions when Reyes was
14 paid less than the two-hundred and forty-dollars ($240.00)
15 per week promised to him.  A representative sample of such a
16 paycheck is attached hereto as Exhibit C.
17     25.  Reyes was required to live in a trailer at
18 Mećanica La Raza as a term and condition of employment.
19 Reyes' living conditions were deplorable.
20     26.  Reyes alleges that Defendants failed to pay all
21 wages due for work performed during his tenure, including
22 failing to pay him a minimum wage or applicable overtime
23 pay.
24     27.  Upon information and belief, no time sheets or
25 records required to be kept pursuant to 29 U.S.C. §211
26 and/or 29 C.F.R. Part 516, specifically including 29 C.F.R.
27
28                                6

§516.2(a), were maintained by Defendants with respect to Reyes' employment.

28. Upon information and belief, Defendants did not post notices in their workplaces to notify employees of their rights under Title 23, Chapter 2, Article 8 of the Arizona Revised Statutes, as required by A.R.S. §23-364(D).

29. Defendants failed to collect taxes or to deduct from wages paid to Reyes his share of Federal Insurance Contribution Act taxes and the withholding tax on wages applicable to individual income taxes.

30. Defendants failed to account for Reyes' share of Federal Insurance Contribution Act taxes and the withholding tax on wages applicable to individual income taxes.

31. Defendants failed to pay over Reyes' share of Federal Insurance Contribution Act taxes and the withholding tax on wages applicable to individual income taxes.

32. Upon information and belief, none of the Defendants has ever issued Reyes a W-2 form for tax purposes.

**FIRST CLAIM FOR RELIEF**
**Violation of FLSA Overtime Compensation Standard**

33. Defendants have willfully failed to compensate Reyes for overtime hours he worked as required under 29 U.S.C. §207. Reyes is entitled to receive compensation at a rate of one and one-half times (1½ x) the regular wage rate for any hours worked for the Defendants in excess of forty

hours in any week plus liquidated damages pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
### Violation of FLSA Minimum Wage Standard

34. Defendants have willfully failed to pay wages due Reyes, in violation of the federal minimum wage law, 29 U.S.C. §206. Reyes is entitled to recover all unpaid wages and liquidated damages pursuant to 29 U.S.C. §216(b).

## THIRD CLAIM FOR RELIEF
### Violation of Arizona Minimum Wage Act

35. Defendants have willfully failed to pay wages at the rate of the Arizona Minimum Wage, in violation of the Arizona Minimum Wage Act, codified at A.R.S. §23-363(A). Reyes is entitled to recover the balance of the wages owed, including interest thereon, and an additional amount equal to twice the underpaid wages pursuant to A.R.S. §23-364(G).

## FOURTH CLAIM FOR RELIEF
### Violation of Arizona Wage Law

36. Defendants have willfully failed to pay wages to the Reyes for labor performed as required pursuant to A.R.S. §23-351[c].

37. Reyes is entitled to recover treble the amount of wages unpaid under Arizona law pursuant to A.R.S. §23-355(A).

38. As this Court has concluded previously, the treble damages provision set forth in A.R.S. §23-355(A) may be applied to treble a liquidated damages award received under the FLSA pursuant to this Court's supplemental jurisdiction.

*Davis v. Jobs for Progress*, 427 F.Supp. 479, 483 (D. Ariz. 1976).

**PRAYER**

**WHEREFORE**, Reyes prays that he recover from Defendants the following:

1. An award of unpaid overtime in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. §§207 and 216(b);
2. An award of unpaid minimum wages in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. §§206 and 216(b);
3. An award of liquidated damages regarding ## 1 and 2, *supra*, in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. §216(b);
4. An award of treble the sum of unpaid wages, and liquidated damages set forth in # 3, *supra*, pursuant to A.R.S. §23-355(A);
5. Pre-judgment and post judgment interest on unpaid back wages;[1]
6. Attorneys' fees pursuant to 29 U.S.C. §216(b), A.R.S. §§12-341.01 and 23-364(G);
7. Court costs and costs of litigation pursuant to 29 U.S.C. §216(b), A.R.S. §§12-341 and 23-364(G); and

---

[1] *See, e.g., Ford v. Alfaro*, 785 F.2d 835, 842 (9th Cir. 1986).

8. Such other and further equitable relief as the Court deems just.

RESPECTFULLY SUBMITTED this 13th day of October, 2011.

LUBIN & ENOCH, P.C.

s/ Nicholas J. Enoch
Nicholas J. Enoch, Esq.
Attorney for Plaintiff

## JURY DEMAND

Reyes further demands a trial by jury on all issues in this matter.

RESPECTFULLY SUBMITTED this 13th day of October, 2011.
LUBIN & ENOCH, P.C.

s/ Nicholas J. Enoch
Nicholas J. Enoch, Esq.
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2011, I electronically transmitted the attached Complaint to the U.S. District Court Clerk's office using the CM/ECF System for filing.


s/Danette Valencia

F:\Law Offices\client directory\AIAWJ\018\Pleadings\2011 10 13 complaint.wpd