**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jose R. Reyes, | ) | No. CV-11-1998-PHX-SMM |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Manny L. Garcia LaFarga, | ) | |
| Defendant. | ) | |

The Court held a jury trial in this case from January 21, 2014, to January 23, 2014. The jury returned a special verdict finding that Plaintiff worked 40-hour workweeks as Defendant's employee between March 24, 2007, and August 31, 2011, and was therefore eligible for lost wages pursuant to the Arizona Minimum Wage Act. (Doc. 115.) Accordingly, Plaintiff was granted $10,159.43 in lost wages, which amount was subsequently doubled and added to the jury's award pursuant to A.R.S. § 23-346(G), for a total award of $30,478.29. (Id.)

Before the Court is Defendant's fully-briefed Motion for Judgment as a Matter of Law and Motion for New Trial. (Docs. 124, 131, 133). Pursuant to Fed. R. Civ. P. 59(a), Defendant also moves for a new trial on three grounds: (1) weight of evidence in Defendant's favor; (2) Plaintiff's lack of credibility; and (3) a compromised verdict. (Id.)

Pursuant to Fed. R. Civ. P. 59(e), Plaintiff moves to amend the judgment, which is also fully briefed. (Docs. 125, 130, 132.)

After considering the parties' briefing, the Court will deny Defendant's motions and deny Plaintiff's motion.

**FACTUAL BACKGROUND**

Plaintiff Jose R. Reyes ("Reyes") filed this action against Defendants Manny L. Garcia LaFarga ("Garcia") and Prensa Hispana Incorporated ("PHI"), alleging that Garcia violated federal and state labor laws by failing to pay Reyes applicable minimum wage and overtime pay. (Docs. 5; 32 at 6.) Reyes' claims arose from his association with Garcia between February 2000 and September 2011. (Doc. 5 at 5.) Reyes alleged that during that time, Garcia provided employment and housing to Reyes at Garcia's businesses, Prensa Hispana ("PH") and Taller Mecanico La Raza ("TMLR").[1] (Doc. 35 at 2.)

Reyes alleged that Garcia hired him to be a night watchman to guard Garcia's businesses and business property. (Id. at 5.) To this end, Reyes claimed to have lived at Garcia's business property and performed the duties of a night watchman, working twelve hours a day from 6:00 p.m. to 6:00 a.m. seven days a week, and receiving no time off. (Id. at 6.) In support of his claims, Reyes offered his own testimony at trial and produced 92 checks signed by Garcia dating from March 24, 2007 to the date of his termination, August 31, 2011. (Doc. 120 at 78.) Six checks had either "contract" or "velador" (Spanish for "watchman") written in the memo line. (Id. at 78:14; 79:23; 80:7, 19; 81:6, 17.)

Garcia's account of the facts varied drastically from Reyes' account. According to Garcia, he never employed Reyes, but rather allowed him to live on his property for free, and gave occasional charitable gifts of money, food, and clothing as a favor to Reyes, who was destitute and homeless before Garcia helped him. (Doc. 39 at 3.) Garcia asserted that he asked Reyes for nothing in return except that he alert Garcia if he ever saw anyone trying to vandalize or steal Garcia's company vehicles. (Id.) Garcia insisted that he never told Reyes he was an employee, and that Reyes never claimed to be an employee or complained about the money, food, or rent-free living quarters he received. (Id.)

///

---

[1] The relationship between PHI and PH was initially at issue. (Doc. 58 at 1.) However, the Court dismissed the entities from the case at trial. (Doc. 100.) Only Garcia, previous owner of Taller Mecanico, an unincorporated entity, remains as defendant.

**STANDARD OF REVIEW**

*Motion for Judgment as a Matter of Law*

"Judgment as a matter of law is appropriate when the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, which is contrary to the jury's verdict." Omega Envtl., Inc. v. Gilbarco, Inc., 127 F.3d 1157, 1161 (9th Cir. 1997); see also White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir. 2002). Thus, judgment as a matter of law may be granted "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . ." Fed. R. Civ. P. 50(a)(1); Juhnke v. EIG Corp., 444 F.2d 1323, 1325 (9th Cir. 1971) (noting that directed verdict and motion for judgment notwithstanding the verdict "are measured by the same standards as the latter is merely a renewal of the former").

In considering a Rule 50(b) motion, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, because the Court reviews the record as a whole, the Court "should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Id. at 151 (citation and internal quotations omitted). Therefore, the Court's role is not to substitute its view of the evidence for that of the jury. Winarto v. Toshiba Am. Elecs. Components, 274 F.3d 1276, 1283 (9th Cir. 2001). The "test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." E.E.O.C. v. Go Daddy Software, Inc., 581 F.3d 951, 961 (9th Cir. 2009) (internal quotations and citation omitted). Thus, when two possible sets of inferences are supported by the record, "the inferences that support the jury's verdict of course win the day." Winarto, 274 F.3d at 1287.

*Motion for New Trial*

Under Rule 59(a) of the Federal Rules of Civil Procedure, the Court may grant a new

1 trial "after a jury trial, for any reason for which a new trial has heretofore been granted . . ."
2 Fed. R. Civ. P. 59(a)(1)(A). In other words, as "Rule 59 does not specify the grounds on
3 which a motion for a new trial may be granted," the court is bound by historically recognized
4 grounds. Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003). Proper
5 grounds include claims "that the verdict is against the weight of the evidence, that the
6 damages are excessive, or that, for other reasons, the trial was not fair to the party moving."
7 Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (quoting Montgomery Ward
8 & Co. v. Duncan, 311 U.S. 243, 251 (1940)); Passantino v. Johnson & Johnson Consumer
9 Prods., 212 F.3d 493, 510 (9th Cir. 2000) ("The trial court may grant a new trial only if the
10 verdict is contrary to the clear weight of the evidence, is based upon false or perjurious
11 evidence, or to prevent a miscarriage of justice."); see also Union Oil Co. of Cal. v. Terrible
12 Herbst, Inc., 331 F.3d 735, 742 (9th Cir. 2003).

13 Though the Court may weigh the evidence and assess the credibility of witnesses, it
14 may not grant a new trial "merely because it might have come to a different result from that
15 reached by the jury." Roy v. Volkswagen of America, Inc., 896 F.2d 1174, 1176 (9th Cir.
16 1990) (internal quotations and citation omitted); see also Union Oil Co., 331 F.3d at 743 ("It
17 is not the courts' place to substitute our evaluations for those of the jurors."). Although the
18 Court will not approve a miscarriages of justice, "a decent respect for the collective wisdom
19 of the jury, and for the function entrusted to it in our system, certainly suggests that in most
20 cases the judge should accept the findings of the jury, regardless of his own doubts in the
21 matter." Landes Const. Co., Inc. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir.
22 1987) (citations omitted).

### DISCUSSION

*Motion for Judgment as a Matter of Law*

25 Garcia renews his motion for judgment as a matter of law ("JMOL") on Reyes'
26 claims. Garcia argues that the evidence does not support the jury's finding that Reyes worked
27 40-hour workweeks as an employee for Defendant from March 24, 2007 to August 31, 2011.
28 (Doc. 124 at 3.) Specifically, Defendant contends that Reyes' lack of credibility, coupled

1  with Garcia's witnesses who testified that Reyes did not engage in conduct suggestive of
2  employment while on his property, provides sufficient grounds to overturn the jury's verdict.
3  (Docs. 124 at 6; 113 at 57-58, 68, 71, 75.)  Garcia argues further that in finding that Reyes
4  worked 40-hour workweeks between March 24, 2007, and August 31, 2011–the dates
5  corresponding with the 92 paychecks paying Reyes roughly $240 per week–the jury engaged
6  in improper speculation because Reyes argued only that he worked 84 40-hour workweeks
7  over an 11-year period. (Doc. 124 at 3, 12.) Garcia also argues that the jury's decision was
8  influenced by sympathy as a result of Reyes testifying that he lost his entire family in a
9  hurricane and that he wired money to his mother because she suffered from leukemia. (Doc.
10 120 at 39:14-17; 48:9; 77:4; 85:10; 90:21; 92:13.)

11        In response, Reyes contends that credibility is a question reserved for the jury and is
12 therefore an insufficient basis to overturn a jury verdict. (Doc. 131 at 3.) Furthermore, Reyes
13 argues that his testimony, the presentation of 92 checks issued by Garcia, and the testimony
14 provided by Garcia's witnesses, in which they each testified to seeing Reyes at Garcia's
15 property, provided the jury with ample basis to find that Reyes worked 40-hour workweeks
16 between 2007 and 2011 as Garcia's employee.  (Id. at 4-7.) Reyes also emphasizes that the
17 jury's estimations of Reyes' daily hours and period of employment, in light of all the
18 evidence, were proper pursuant to Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680
19 (1946). (Doc. 131 at 8.)

20        The Court agrees with Reyes. The Court will not assess Reyes' credibility when
21 considering a Rule 50(b) motion. See Reeves, 530 U.S. at 150; see also White, 312 F.3d at
22 1010.  The Court may, however, overturn the verdict based on speculation if it finds that the
23 jury used unreasonable inferences in arriving at its verdict. See Lakeside-Scott v. Multnomah
24 Cnty., 556 F.3d 797, 802 (9th Cir. 2009) (citing and quoting Genthe v. Lincoln, 383 F.3d
25 713, 716 (8th Cir. 2004) for the proposition that within the context of a JMOL motion, an
26 inference is reasonable "when it may be drawn from the evidence without resort to
27 speculation") (further quotation omitted)). However, in considering whether speculation is
28 apparent, the Court refuses to "pierce the veil" and consider Reyes' credibility, as suggested

- 5 -

by Defendant. (See Docs. 124 at 5; 133 at 3 (citing Reeves, 530 U.S. at 150 and Jeffreys v. City of New York, 426 F.3d 549, 551 (2d Cir. 2005)).[2])

The Court finds no improper speculation. Reyes testified that he was an employee of Garcia; Garcia's three disinterested witnesses all testified to seeing Reyes at Garcia's workplace at various times; and Reyes provided 92 checks signed by Garcia dated from March 24, 2007 to August 2011. These facts, viewed in the light most favorable to the nonmovant, do not suggest a finding for Garcia is the only reasonable outcome in this case. See Omega Envtl., 127 F.3d at 1161; see also Go Daddy Software, Inc., 581 F.3d at 961 (The "test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict."). Therefore, the Court will not overturn the jury's verdict as a matter of law.

The Court also finds that the jury did not allow sympathy to affect its verdict and acted properly in estimating Reyes' length of employment and amount of hours worked. See Brock v. Seto, 790 F.2d 1446, 1449 (9th Cir. 1986) (remanding the case because the fact finder failed to engage in the estimation of damages as mandated by Mt. Clemens Pottery).[3] Once an employee "has proved that he has performed work and has not been paid in accordance with the statute," the fact of damage is certain. Mt. Clemens Pottery, 328 U.S. at 688; Brock, 790 F.2d at 1448. The only uncertainty, as is the case here, is the amount of damage. See Brock, 790 F.2d at 1448. "In such a case 'it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts.'" Mt. Clemens Pottery, 328 U.S. at 688.

---

[2] See Gomez v. City of Fremont, 730 F. Supp. 2d 1056, 1067-68 (N.D. Cal. 2010) (holding Jeffrey's inapplicable where the defendant challenges whether the plaintiff's version could have happened, and whether the plaintiff was credible).

[3] Given the minor differences in the statutory language and the absence of case law interpreting the Arizona law relevant to the issues of this case, the Court uses precedent interpreting the Fair Labor Standards Act to direct its analysis.

1  That the jury determined the date of Reyes' earliest presented paycheck as the start of Reyes'
2  employment does not imply that jury resorted to speculation or allowed sympathy to sway
3  the verdict; rather, it is a confirmation that the jury properly focused its verdict on the
4  testimonies and physical evidence presented at trial. Additionally, the verdict also suggests
5  that the jury reasonably inferred from Reyes' weekly paycheck of $240 that he–despite
6  Reyes' contrary testimony–did not work more than 40 hours per week. Therefore, the Court
7  finds that, in compliance with their duty as the trier of fact, the jury properly used "whatever
8  reasonable inferences [could] be drawn" from the evidence at trial in reaching its verdict and
9  did not allow sympathy to sway its verdict or resort to improper estimations. Id. Further,
10 because Defendant failed to keep proper records pursuant to A.R.S. § 23-364(D), he cannot
11 complain that the damages lacked exactness and precision of measurement. See id.

*Motion for New Trial*

Garcia argues that the jury's verdict went against the "clear weight" of the evidence and therefore warrants a new trial. (Doc. 124 at 12-13.) Garcia contends that Reyes' vacillating account of his personal schedule and suspect dealings with the IRS indict Reyes' credibility and provided the jury with a "'mere scintilla' of evidence to support the necessary elements of proof." (Doc. 124 at 12.) Additionally, Garcia deduces that the jury presented a compromised verdict because Reyes did not offer evidence supporting that he worked less than 84-hour workweeks. (Doc. 142 at 17.)

Conceding that the testimony at trial was, at times, contradictory, Reyes argues that the matters highlighted in Garcia's motion are collateral to the main issues of the case and therefore insufficient to grant a new trial. (Doc. 124 at 11-12). Reyes contends further that the evidence supports any number of results, and that it would be improper to grant a new trial where the jury's verdict is reasonably supported by the evidence. (Id. at 12.)

The Court agrees with Reyes. Where the clear weight of the evidence does not suggest otherwise, the Court will give deference to the "collective wisdom of the jury." See Landes Const. Co., Inc., 833 F.2d at 1371. As discussed in the previous section, the facts at trial were sufficient to support the jury's verdict. Even Garcia's witnesses' testimonies created a basis

1 for implication that, according to Garcia, "Reyes did not work nearly as much as he
2 claimed." (Doc. 124 at 3.) Further, the Court finds no merit in Garcia's claim of a
3 compromise verdict in light of the previous discussion regarding the jury's findings. See
4 d'Hedouville v. Pioneer Hotel Co., 552 F.2d 886, 897 (9th Cir. 1977) (stating that a
5 compromise verdict occurs where the question of liability is close, the damages awarded are
6 grossly out of proportion, and other circumstances indicate that the verdict was the result of
7 prejudice or an improper compromise); see also Stein v. People of State of New York, 346
8 U.S. 156, 178 (1953), overruled on other grounds by, Jackson v. Denno, 378 U.S. 368, 391
9 (1964). Here, the "clear weight" of the evidence is not against the jury's verdict. Therefore,
10 the Court finds insufficient grounds to grant a new trial.

*Motion to Amend the Judgment*

12 Plaintiff seeks an amended judgment pursuant to Fed.R.Civ.P. 59(e). Rule 59(e) is
13 applicable "only to support reconsideration of matter properly encompassed in a decision on
14 the merits." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 451(1982)
15 "Reconsideration is appropriate if the district court (1) is presented with newly discovered
16 evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if
17 there is an intervening change in controlling law." School Dist. No. 1 J, Multnomah County
18 v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Though generally inappropriate when
19 requesting reconsideration of postjudgment costs and fees, a Rule 59(e) motion may be
20 proper when requesting reconsideration of awarded damages without "rais[ing] issues wholly
21 collateral to the judgment in the main cause of action." Osterneck v. Ernst & Whinney, 489
22 U.S. 169, 177, 109 S. Ct. 987, 992, 103 L. Ed. 2d 146 (1989).

23 Reyes requests that the Court amend the jury's award. Reyes argues that
24 reconsideration is proper because Garcia failed to pay the award within 10 days of the
25 entering of judgment, as mandated by A.R.S § 23-360. Garcia responds that the 10-day
26 payment deadline is inconsistent with Rules 50 and 59, Fed.R.Civ.P., which allow 28 days
27 from the entry of judgment for a party to file a renewed motion for judgment as a matter of
28 law or a motion for new trial.

1  The Court agrees with Garcia. It is clearly established that the Federal Rules of Civil Procedure are to be applied by the federal courts, even if there is conflicting state requirement. See Erie R. Co. v. Tompkins, 304 U.S. 64 (1938); see also Hanna v. Plumer, 380 U.S. 460 (1965). Therefore, Garcia cannot be penalized for asserting a procedural right available under the Federal Rules of Civil Procedure. Thus, the Court denies Reyes' motion to amend the judgment.

**CONCLUSION**

Accordingly, on the basis of the foregoing,

**IT IS HEREBY ORDERED** denying Garcia's motion for judgment as a matter of law and motion for new trial. (Doc. 124.)

**IT IS FURTHER ORDERED** denying Reyes' motion to amend the judgment. (Doc. 125.)

DATED 21st of October, 2014.

_____
Stephen M. McNamee
Senior United States District Judge